IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ARTIMUS A. COLLIER**,

**Petitioner,**

**v.**

**U.S. MARSHALS SERVICE,
and LISA MADIGAN, ILLINOIS
ATTORNEY GENERAL,**

**Respondents.**                                                      **No. 11-0807-DRH**

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Artimus A. Collier, currently incarcerated in Victorville Federal Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement.[1]

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

According to Collier's petition, Collier pled guilty to unlawful possession with

---

[1] The Court notes that this petition appears to be the same petition seeking the same relief that Collier filed in 10-0889-DRH, *Collier v. U.S. Marshals Service, et al.* On March 18, 2011, the Court dismissed without prejudice Collier's petition for failure to comply with an order of the Court. *See* 10-0889-DRH; Doc. 11.

intent to deliver controlled substance in violation of 720 ILL. Comp. Stat. 570/401(d) (1992). Further, the petition states that on May 15, 2002, the St. Clair County, Illinois Circuit Court sentenced him to 12 months probation. Collier claims that he appealed his conviction and judgment to the Fifth District Illinois Appellate Court and that his appeal was dismissed for lack of jurisdiction pursuant to Illinois Supreme Court Rule 303(a).[2]

Collier filed this habeas action on September 2, 2011, claiming that the St. Clair County, Illinois Circuit Court lacked jurisdiction to sentence him because the indictment was not signed by the prosecuting attorney (Doc. 1). 28 U.S.C. §2244(d)(1) states that a petitioner has a one year period in which to file a writ of habeas corpus. §2244(d)(1)(A) states that this period shall begin only after petitioner's state post-conviction proceedings have been resolved.

Here, Collier's statute of limitations began to run on June 14, 2002, after his appeal became time barred. Thus, Collier had until June 14, 2003, to file his writ of habeas corpus. Collier filed his petition on September 2, 2011, over 8 years outside of the applicable statute of limitation. In summary, because the petition was filed well outside the applicable limitation period, Collier's action does not survive review under Rule 4.

Accordingly, the Court **DENIES** and **DISMISSES with prejudice** Collier's

---

[2] Illinois Supreme Court Rule 303(a) states, in relevant part, that a notice of appeal must be filed within 30 days of the entry of final judgment or within 30 days after all post-judgment motions are disposed of. Collier's petition does not state why he was unable to meet this 30 day time period.

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Further, the Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 7th day of September, 2011.

Digitally signed by David R. Herndon
Date: 2011.09.07 16:09:30 -05'00'

**Chief Judge**
**United States District Court**